# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE 1, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 2:18-cv-00712 |
| Plaintiff, | ) ) | Judge Michael H. Watson |
| v. | ) ) | Magistrate Judge Deavers |
| THE OHIO STATE UNIVERSITY, | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT THE OHIO STATE UNIVERSITY'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendant The Ohio State University hereby moves this Court to dismiss all claims asserted against it in plaintiff's Complaint. The grounds for this Motion are set forth more fully in the accompanying Memorandum in Support.

        MICHAEL DeWINE
        ATTORNEY GENERAL OF OHIO

By:   /s/ Michael H. Carpenter
       Michael H. Carpenter (0015733) (Trial Attorney)
       Timothy R. Bricker (0061872)
       David J. Barthel (0079307)
       Stephen E. Dutton (0096064)
       CARPENTER LIPPS AND LELAND LLP
       280 Plaza, Suite 1300
       280 North High Street
       Columbus, OH 43215
       E-mail: carpenter@carpenterlipps.com
            bricker@carpenterlipps.com
            barthel@carpenterlipps.com
            dutton@carpenterlipps.com

Special Counsel for Defendant The Ohio State University

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION.**

Plaintiff is a former wrestler who attended The Ohio State University ("Ohio State") from 1982 to 1984, and is suing Ohio State, a public land grant institution, individually and as a putative class representative for the conduct of Dr. Richard Strauss.

By way of background, in March 2018, a different former wrestler reported allegations related to Dr. Richard Strauss to Ohio State.  From the start, Ohio State took these allegations seriously.  In rapid response, by April 5, 2018, Ohio State announced it was retaining an outside law firm to oversee an independent investigation into the allegations.  To date, the investigators have conducted confidential interviews of more than 335 former students and university staff believed to have information concerning the allegations related to Dr. Strauss.  The independent investigators additionally are investigating factually what university leaders in place at the time of the alleged events may have known.  In this regard, they have interviewed over 95 individuals who worked at the university during the relevant time period, including athletic department, medical center, and student health center staff, as well as faculty.  Former administrators, human resources professionals, and legal counsel also have been interviewed.  The investigators remain in regular communication with the Franklin County Prosecutor's Office.  In furtherance of their determination to understand what occurred, and who knew about it at the time, Ohio State and its current leaders continue to encourage persons possessing information related to Dr. Strauss to contact the investigators.  That independent investigation continues and Ohio State remains committed to appropriately addressing its factual findings, whatever they may be.

Separate from the independent investigation, however, plaintiff has filed the instant legal proceeding.  In his Complaint in this lawsuit, plaintiff asserts he was injured due to the alleged conduct of Dr. Strauss in 1982 to 1984, at least 34 years ago, and that he has legal rights and

remedies pursuant to Title IX, Chapter 20 U.S.C. Section 1681 *et seq.* ("Title IX") and Ohio law claims of invasion of privacy, sexual harassment, negligence, gross negligence and/or wanton and reckless misconduct, negligent supervision, negligent hiring/retention, and negligent failure to warn, train, or educate.  The instant Motion is ***not*** directed towards plaintiff's claim of injury.  Rather, in this Motion, while respectful of plaintiff and his claimed injuries, Ohio State maintains that plaintiff's proffered legal causes of action are legally deficient on their face and should be dismissed.

First, and without exception, every civil legal claim is subject to a statute of limitations, *i.e.*, a defined time period within which a civil claim must be brought or else be barred.  The Supreme Court of the United States has observed that a statute of limitations is "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) (quoting *Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 348-349 (1944)).

The statute of limitations for a Title IX claim, such as asserted by plaintiff in his First Claim for Relief, is two years.  The acts alleged in plaintiff's Complaint occurred decades ago.  Plaintiff attended Ohio State from 1982 to 1984.  Dr. Strauss worked at Ohio State between 1978 and 1998, and died in 2005.  Plaintiff did not file his Complaint until July 17, 2018.  His Title IX claim is barred by the applicable two-year statute of limitations and should be dismissed with prejudice.

Additionally, plaintiff acknowledges that Ohio State is and was "a public university."  As

3

an instrumentality of the State of Ohio, Ohio State is entitled to the same immunities to which Ohio is entitled as a sovereign state. Pursuant to the Eleventh Amendment of the Constitution of the United States, states are immune from suit in federal courts, including immunity from state law claims. "The [Eleventh] Amendment is rooted in a recognition that the States, although a union, maintain certain attributes of sovereignty, including sovereign immunity." *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Pursuant to the Eleventh Amendment, plaintiff's Ohio state law claims contained in his Second through Eighth Claims for Relief should be dismissed.

In filing this Motion to Dismiss, Ohio State is not ignoring or being dismissive of plaintiff's factual allegations. But statutes of limitations and the long-standing constitutional principle of immunity exist as critical attributes of our system of laws. Here, the applicable statutes of limitations and constitutional principle of immunity establish that plaintiff's civil claims are legally barred. They should be dismissed.

## II. PLAINTIFF'S ALLEGATIONS AND FACTS OF WHICH THE COURT MAY TAKE JUDICIAL NOTICE.

Plaintiff is a former wrestler who alleges he attended Ohio State from 1982 to 1984 and claims to have been subjected to sexual abuse, sexual harassment and inappropriate touching by former Ohio State physician Dr. Richard Strauss on at least twenty occasions during that time span. *See* Complaint (Doc. # 1) at ¶¶ 2, 11. Plaintiff alleges that Ohio State "is a public university." *Id.* at ¶ 61. Ohio State is, in fact and law, an instrumentality of the State of Ohio. *See* OHIO REV. CODE § 3345.011 (recognizing Ohio State as a "state university"); OHIO REV. CODE § 3335.01, *et seq.* (creating and governing Ohio State); *Matteson v. Ohio State Univ.*, No. C2-99-1267, 2000 WL 1456988, \*3 (S.D. Ohio Sept. 27, 2000) ("[I]t is well settled that Ohio

4

State University is an instrumentality of the State of Ohio").[1]

Plaintiff has brought claims against Ohio State pursuant to Title IX (First Claim for Relief) and the Ohio law of invasion of privacy (Second Claim for Relief), sexual harassment (Third Claim for Relief), negligence (Fourth Claim for Relief), gross negligence and/or wanton and reckless misconduct (Fifth Claim for Relief), negligent supervision (Sixth Claim for Relief), negligent hiring/retention (Seventh Claim for Relief), and negligent failure to warn, train, or educate (Eighth Claim for Relief). *See* Complaint (Doc. # 1) at ¶¶ 76-130. The putative class plaintiff seeks to certify is limited to "[a]ll individuals who were examined by Richard H. Strauss, M.D.[,] at The Ohio State University." *Id.* at ¶ 48. Dr. Strauss worked at Ohio State from 1978 to 1998, and died in 2005. *See id.* at ¶¶ 23-25.

Thus, plaintiff's claims are based on acts alleged to have been committed at least thirty-four (34) years ago, by a person who stopped working at Ohio State twenty (20) years ago, and who died thirteen (13) years ago.

## III. DISCUSSION.

A complaint is subject to dismissal under Rule 12(b)(6) if, on its face, the allegations, taken as true, show the plaintiff is not entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "If the allegations . . . show that relief is barred by the applicable statute of limitation[s], the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Dismissal under Fed. R. 12(b)(6) is proper "if it is apparent from the face of the complaint that the statute of limitation[s] has run." *Reed v. Ohio State Univ. Med. Ctr.*, No. 2:12-CV-241, 2012 WL 5378379, at *4 (S.D. Ohio Oct. 31, 2012) (citing *Pierce v. County of Oakland*, 652 F.2d 671 (6th Cir.1981)); *see also Hoover v. Langston Equip. Assocs., Inc.*, 958

---

[1] A United States District Court may take judicial notice of public statutes. *See Godboldo v. Cty. of Wayne,* 686 F. App'x 335, 340 (6th Cir. 2017) ("As we have previously held, we 'are required to take judicial notice of the statute and case law of each of the states'").

5

F.2d 742, 744 (6th Cir. 1992).

Further, in responding to a Rule 12(b)(1) motion stating that subject matter jurisdiction is lacking, a plaintiff bears the burden of persuading the court that subject matter jurisdiction exists in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). When considering a facial attack on subject matter jurisdiction, *i.e.*, a motion asserting that a plaintiff has failed to sufficiently allege a basis for subject matter jurisdiction, the court should take the allegations in the complaint as true. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

Here, plaintiff's Title IX claim and Ohio law claims related to invasion of privacy, sexual harassment, negligence, gross negligence and/or wanton and reckless misconduct, negligent supervision, negligent hiring/retention, and negligent failure to warn, train, or educate, are facially deficient. Plaintiff's Complaint should be dismissed in its entirety.

    **A.**    **Plaintiff's Title IX Claim (First Claim For Relief) Is Barred By The Applicable Two-Year Statute Of Limitations.**

Plaintiff first attempts to state a claim pursuant to Title IX in his First Claim for Relief. *See* Complaint (Doc. # 1) at ¶¶ 59-65. The Sixth Circuit has recognized that Title IX does not provide a statute of limitations for Title IX claims. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728-729 (6th Cir. 1996) ("Neither Title VI nor Title IX provide a limitation period expressly pertaining to judicial proceedings, a failure occasioned, no doubt, by the fact that, for both statutes, private causes of action were implied by the courts"). Accordingly, courts apply "state personal injury limitation periods to Title IX and Title VI claims . . . ." *Id.* at 729. In Ohio, the statute of limitations for personal injury is two (2) years. *See* OHIO REV. CODE § 2305.10(A). Thus, the statute of limitations for a Title IX claim against an instrumentality of the State of Ohio, such as Ohio State, is two years. *See Lillard*, 76 F.3d at 729; *Giffin v. Case W.*

*Reserve Univ.*, No. 98-3267, 1999 WL 238669 at *1-2 (6th Cir. April 13, 1999).

Even though Title IX borrows Ohio's personal injury statute of limitations, federal law determines when a Title IX claim accrues. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015); *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006); *Anderson v. Bd. of Educ. of Fayette Cty.*, 616 F.Supp.2d 662, 668 (E.D. Ky. 2009). A Title IX claim "accrues on the date when the plaintiff knew, or through reasonable diligence should have known, of an injury giving rise to [his] cause of action." *Bowling v. Holt Pub. Sch.*, No. 1:16-CV-1322, 2017 WL 4512587, at *1 (W.D. Mich. May 26, 2017) (citing *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001)); *Anderson*, 616 F. Supp. 2d at 668 ("The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action"), citing *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir.2005)). "This is an objective inquiry, which looks to what event should have alerted the typical lay person to protect his or her rights." *Helm v. Eells*, 642 F. App'x 558, 561 (6th Cir. 2016) (citation and quotation marks omitted).

The Southern District of Ohio and numerous other courts, including district courts within the Sixth Circuit, have held that a Title IX injury accrues when the alleged sexual abuse, assault, or harassment occurred. *See, e.g., Adams v. Ohio Univ.*, 300 F. Supp. 3d 983, 991 (S.D. Ohio 2018) (Title IX claims accrued at the time of the sexual harassment, in suit alleging it was "widely known for over a decade among faculty and students" that professor sought "sexual relationships with students and young faculty," and incoming students were warned professor was a "sexual predator"); *Bowling,* 2017 WL 4512587, at *2 (Title IX claims accrued on the date of the last sexual assault); *Anderson*, 616 F.Supp.2d at 668 (Title IX claims "accrued at the time of the alleged abusive acts" by school employees); *King-White*, 803 F.3d at 762 (Title IX claim accrued when plaintiff was abused by teacher, not when plaintiff learned nearly two years later

7

during the teacher's criminal case that school officials allegedly had ratified and acted with deliberate indifference to the abuse); *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 440-441 (S.D.N.Y.), *aff'd*, 579 F. App'x 7 (2d Cir. 2014) (Title IX claims accrued at time of sexual abuse, not when former president and chancellor admitted in news article published decades after the abuse that he and other administrators had been aware of the risk of the abuse when it was occurring); *Varnell v. Dora Consol. Sch. Dist.*, No. 12-CV-905 JCH/GBW, 2013 WL 12146483, at *6-*7 & n.4 (D.N.M. May 13, 2013), *report and recommendation adopted*, No. 12-CV-905 JCH/GBW, 2013 WL 12149185 (D.N.M. June 24, 2013), *aff'd*, 756 F.3d 1208 (10th Cir. 2014) (Title IX claim accrued no later than the last date the plaintiff was sexually abused by her coach, not when the plaintiff "recently" learned of the superintendent's alleged concealment of the abuse, where plaintiff "was repulsed by the sexual conduct *when it was occurring*" and the school district could not now be liable because its "failure to prevent the abuse could only occur while the abuse was ongoing"); *Johnson v. Gary E. Miller Canadian Cty. Children's Juvenile Justice Ctr.*, No. CIV-09-533-L, 2010 WL 152138, at *3 (W.D. Okla. Jan. 14, 2010) (plaintiff "impliedly concede[d]" that Title IX claim "had to have accrued" when the plaintiff was a student at the school because the alleged sexual abuse by the school employee only "occurred while she was a student at the school"); *Padula v. Morris*, No. 205-CV-00411-MCE-EFB, 2008 WL 1970331, at *4 (E.D. Cal. May 2, 2008) (Title IX claim "accrued on the last date Plaintiffs[] suffered an incident of sexual harassment"); *Monger v. Purdue Univ.*, 953 F. Supp. 260, 264 (S.D. Ind. 1997) (Title IX claim "accrued when [the student] knew or had reason to know of her injury—October 29, 1997[,]" the date her professor allegedly "sexually harassed her by touching her against her will on various parts of her body and indicating that he wanted to be with her privately"); *Clifford v. Regents of Univ. of California*, No. 2:11-CV-02935-JAM, 2012 WL 1565702, at *6 (E.D. Cal. Apr. 30, 2012), *aff'd*, 584 F. App'x 431 (9th Cir. 2014) (Title IX claim

8

accrued when alleged sexual assault from hazing occurred).

Here, it is apparent from the face of plaintiff's Complaint that the two-year limitation period applicable to his Title IX claim expired long ago. Plaintiff alleges Dr. Strauss "sexually assaulted," "harassed," "abused," "molested," "grop[ed]," "fondl[ed]," and "inappropriate[ly] touch[ed]" him between 1982 and 1984. *See* Complaint (Doc. # 1) at ¶¶ 2, 11, 18, 34, 40, 60, 63, 73, 86, 104. Additionally, as described by plaintiff himself in great specificity in his Complaint, plaintiff was aware of the alleged abusive acts at the time they occurred:

- "Strauss . . . sexually abuse[d] Plaintiff on multiple occasions, by engaging in acts that include, but are not limited to: sexual harassment and inappropriate touching during examinations, including regularly touching Plaintiff's genitals and breast areas, often at the same time, regularly measuring Plaintiff's scrotum, and taking photographs of Plaintiff." Compl. ¶ 2; *see also id.* at ¶ 18 (alleging the above conduct occurred "[d]uring each visit" with Dr. Strauss).

- "Plaintiff . . . received care from Dr. Strauss on at least twenty occasions in connection with Dr. Strauss' role as the wrestling team's doctor. Plaintiff was subjected to sexual harassment and inappropriate touching during those examinations." *Id.* ¶ 11.

- "Strauss' inappropriate physical 'treatment' and verbal statements to Plaintiff made him uncomfortable to the point of feeling violated." *Id.* ¶ 20.

- "Plaintiff believed that the coaches at OSU were aware of Dr. Strauss' behavior and conduct but chose to ignore it." *Id.* ¶ 21.

- "Plaintiff eventually dropped out of OSU, with Dr. Strauss' behavior a significant factor in Plaintiff's decision." *Id.* ¶ 22.

Plaintiff also pleads the following determinative facts: Dr. Strauss stopped working at Ohio State in 1998, and Dr. Strauss died in 2005. *See* Complaint (Doc. # 1) at ¶¶ 23-25.

Taken as true, the above facts demonstrate that the two-year statute of limitations to bring Title IX claims expired in 1986 at the latest. Plaintiff did not file his Complaint until July 17, 2018. *See generally id.* Thus, plaintiff's Title IX claim was filed over three decades after the applicable two-year statute of limitations had expired. As a matter of law, plaintiff's Title IX

claim contained in his First Claim for Relief is time-barred and should be dismissed with prejudice. *See Giffin*, 1999 WL 238669 at *1-2 (affirming dismissal of Title IX claim that "was filed after the two-year statutory period had run"); *American Pipe & Const. Co.*, 414 U.S. at 554.

> **B. Plaintiff's State Law Claims (Second, Third, Fourth, Fifth, Sixth, Seventh And Eighth Claims For Relief) Should Be Dismissed Because They Are <u>Barred By The Eleventh Amendment</u>.**

Plaintiff also asserts claims against Ohio State pursuant to Ohio law for invasion of privacy (Second Claim for Relief), sexual harassment (Third Claim for Relief), negligence (Fourth Claim for Relief), gross negligence and/or wanton and reckless misconduct (Fifth Claim for Relief), negligent supervision (Sixth Claim for Relief), negligent hiring/retention (Seventh Claim for Relief), and negligent failure to warn, train, or educate (Eighth Claim for Relief). *See* Complaint (Doc. # 1) at ¶¶ 66-130. Plaintiff acknowledges, however, that Ohio State "is a public university." *Id.* at ¶ 61. It is well-settled that Ohio State is an instrumentality of the State of Ohio. *See* OHIO REV. CODE § 3345.011 (recognizing Ohio State as a "state university"); OHIO REV. CODE § 3335.01, *et seq.* (creating and governing Ohio State); *Matteson v. Ohio State Univ.*, No. C2-99-1267, 2000 WL 1456988, *3 (S.D. Ohio Sept. 27, 2000) ("[I]t is well settled that Ohio State University is an instrumentality of the State of Ohio") (citing *Bailey v. Ohio State Univ.*, 487 F. Supp. 601, 606 (S.D. Ohio 1980); *Thacker v. Trustees of Ohio State Univ.*, 298 N.E.2d 542, 543-44 (Ohio 1973), *overruled in part on other grounds by Schenkolewski v. Cleveland Metroparks Sys*, 67 Ohio St. 2d 31, 426 N.E.2d 784 (1981); *Hall v. Medical College of Ohio at Toledo*, 742 F.2d 299, 301-03 (6th Cir.1984); *Thomson v. Ohio State Univ. Hosp.*, 5 F.Supp.2d 574, 576 (S.D. Ohio 1998)). For example, the Ohio legislature has granted the Ohio governor authority to appoint members of Ohio State's Board of Trustees. *See* OHIO REV. CODE § 3335.02. Additionally, the State of Ohio holds title for all lands used by Ohio State. *See* OHIO REV. CODE § 3335.13. Because Ohio State is a state entity, plaintiff's Ohio law claims for

invasion of privacy (Second Claim for Relief), sexual harassment (Third Claim for Relief), negligence (Fourth Claim for Relief), gross negligence and/or wanton and reckless misconduct (Fifth Claim for Relief), negligent supervision (Sixth Claim for Relief), negligent hiring/retention (Seventh Claim for Relief), and negligent failure to warn, train, or educate (Eighth Claim for Relief) are barred as a matter of law, as set forth below.

### 1. Plaintiff's Ohio Law Claims Should Be Dismissed Because They Are Barred By The Eleventh Amendment.

The Eleventh Amendment provides, and the Supreme Court has long held, "[t]hat a state may not be sued without its consent[.]" *In re State of New York*, 256 U.S. 490, 497 (1921); U.S. CONST. amend. XI. "[T]he entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a state without consent given; not one brought by citizens of another state, or by citizens or subjects of a foreign state, because of the Eleventh Amendment; and not even one brought by its own citizens[.]" *Id.*; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) ("[A] federal court could not entertain a suit brought by a citizen against his own State"). In effect, the Eleventh Amendment "deprives the federal courts of jurisdiction to entertain a suit brought by an individual against a nonconsenting State." *Touvell v. Ohio Dept. of Mental Retardation & Developmental Disabilities*, 422 F.3d 392, 395 (6th Cir. 2005); *see also Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) ("The sovereign immunity guaranteed by this Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity").

Neither the State of Ohio nor Ohio State has consented, and does not here consent, to be sued in this Court. To the contrary, the State of Ohio has waived sovereign immunity only insofar as it has consented to be sued in the Ohio Court of Claims. *See* OHIO REV. CODE §

2743.02(A)(1). "[A] state's waiver of sovereign immunity in its own courts is *not* a waiver of the Eleventh Amendment immunity in the federal courts." *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100 n.9. As an instrumentality of the State of Ohio, Ohio State is entitled to Eleventh Amendment immunity to the same extent as the State. *Bailey*, 487 F.Supp. at 604-606 (finding Ohio State is immune from suit the same as the State of Ohio); *Thacker*, 298 N.E.2d at 544 n.1 (cataloging decisions). Thus, this Court lacks subject matter jurisdiction to adjudicate plaintiff's Ohio law claims for invasion of privacy (Second Claim for Relief), sexual harassment (Third Claim for Relief), negligence (Fourth Claim for Relief), gross negligence and/or wanton and reckless misconduct (Fifth Claim for Relief), negligent supervision (Sixth Claim for Relief), negligent hiring/retention (Seventh Claim for Relief), and negligent failure to warn, train, or educate (Eighth Claim for Relief), and they must be dismissed. *See Siegler v. Ohio State Univ.*, No. 2:11-CV-170, 2011 WL 4348131, at *4 (S.D. Ohio Sept. 16, 2011) (dismissing Ohio common law intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, false light invasion of privacy, defamation, slander and libel claims and Ohio statutory retaliatory harassment, civil rights violations, and employment discrimination claims against Ohio State "for lack of subject matter jurisdiction due to sovereign immunity under the Eleventh Amendment").

   **2. The Two-Year Statute Of Limitations Applicable to Plaintiff's Ohio Law Claims Has Expired.**

Even if immunity did not apply, plaintiff's additional Ohio law claims for invasion of privacy (Second Claim for Relief), sexual harassment (Third Claim for Relief), negligence (Fourth Claim for Relief), gross negligence and/or wanton and reckless misconduct (Fifth Claim for Relief), negligent supervision (Sixth Claim for Relief), negligent hiring/retention (Seventh Claim for Relief), and negligent failure to warn, train, or educate (Eighth Claim for Relief) also

are futile.

Pursuant to the Ohio Court of Claims Act, Ohio has engaged in a limited waiver of Ohio's sovereign immunity in certain instances. *See* Am.Sub.H.B. No. 800, R.C. Chapter 2743. Pursuant to that limited waiver of sovereign immunity, the statute of limitations for bringing a claim against the state of Ohio is two years or less. *See* OHIO REV. CODE § 2743.16(A) ("[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties"); *Harris v. Smith*, No. 1:09 CV 2157, 2010 WL 582675, *4 (N.D. Ohio Feb. 12, 2010) ("Ohio Revised Code § 2743.16(A) requires civil actions against the state to be commenced no later than two years after the date of accrual of the cause of action").

The Supreme Court of Ohio has stated that "[o]rdinarily, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed." *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 21 (2006). Tort claims arising from alleged sexual abuse accrue "immediately," where the plaintiff "knew he was injured, knew the perpetrator, and knew the employer of the perpetrator." *Id*. at ¶¶ 20, 24, 26-27, 34 (tort claims against archbishop and archdiocese arising from alleged sexual abuse by a priest were time-barred); *see also Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 1994-Ohio-531, 629 N.E.2d 402 (1994), *superseded in part by statute on other grounds as stated in Pratte v. Stewart*, 2010-Ohio-1860, 125 Ohio St. 3d 473, 929 N.E.2d 415.

The abuse alleged by plaintiff occurred between 1982 and 1984. *See* Complaint (Doc. # 1) at ¶¶ 2, 11, 63. For the reasons already discussed, plaintiff's Complaint allegations demonstrate that plaintiff knew of his alleged abuse when it occurred. *Supra*, Section III.A. Plaintiff also alleges that he knew the perpetrator (Dr. Strauss) and his employer (Ohio State).

13

*Id.*; *see also* Compl. ¶¶ 13, 23, 26.  Therefore, based on plaintiff's own allegations, the statute of limitations for plaintiff's Ohio law claims against Ohio State expired long before he filed the current Complaint. *See* OHIO REV. CODE § 2743.16(A).

### IV. **CONCLUSION.**

Plaintiff's claims are based on acts alleged to have been committed at least thirty-four (34) years ago, by a person who stopped working at Ohio State twenty (20) years ago, and who died thirteen (13) years ago.  As such, plaintiff's Title IX claim (First Claim for Relief) is barred by the applicable two-year statute of limitations.  Plaintiff's additional Ohio law claims for invasion of privacy (Second Claim for Relief), sexual harassment (Third Claim for Relief), negligence (Fourth Claim for Relief), gross negligence and/or wanton and reckless misconduct (Fifth Claim for Relief), negligent supervision (Sixth Claim for Relief), negligent hiring/retention (Seventh Claim for Relief), and negligent failure to warn, train, or educate (Eighth Claim for Relief) are barred because Ohio State is entitled to immunity pursuant to the Eleventh Amendment.  Finally, plaintiff's additional Ohio law claims are futile because the applicable two-year statute of limitations has expired.

For these reasons, plaintiff's Complaint should be dismissed in its entirety.

        Respectfully submitted,

        MICHAEL DeWINE
        ATTORNEY GENERAL OF OHIO

By:    /s/ Michael H. Carpenter
        Michael H. Carpenter (0015733) (Trial Attorney)
        Timothy R. Bricker (0061872)
        David J. Barthel (0079307)
        Stephen E. Dutton (0096064)
        CARPENTER LIPPS AND LELAND LLP
        280 Plaza, Suite 1300
        280 North High Street
        Columbus, OH 43215
        E-mail: carpenter@carpenterlipps.com
              bricker@carpenterlipps.com
              barthel@carpenterlipps.com
              dutton@carpenterlipps.com

        Special Counsel for Defendant The Ohio State University

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically on September 7, 2018. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

/s/ Michael H. Carpenter
Trial Attorney for
Defendant The Ohio State University